IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LARRY SLEDGE, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | Civil Action No. 18-272 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| WARDEN TRATE, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

## I. INTRODUCTION

On September 17, 2018, Plaintiff Larry Sledge, a former inmate at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), brought this *pro se* civil rights action against three staff members at FCI-McKean: Warden Bradley Tate ("Tate"), Corrections Officer Cory Hendrickson (erroneously identified by Plaintiff as "Lt. Hendricksen") ("Hendrickson"), and Unit Manager Shaun Nink ("Nink"). Plaintiff alleges that, from August 7, 2018 to August 28, 2018, Defendant Hendrickson "made rude sexual remarks" to him, pushed him around, and "trie[d] to provoke [him] ... into a fight" (ECF No. 6, at Section IV.C). Plaintiff alleges further that, in retaliation for his filing of a grievance against Defendant Hendrickson and other FCI-McKean staff, Defendant Nink denied his request for a transfer to a Residential Reentry Center ("RRC") (Id.). Finally, Plaintiff alleges that Defendant Tate allowed the conduct of Defendants Hendrickson and Nink, and also "allow[ed] smoking by staff on federal property" (Id.). As relief for his claims, Plaintiff seeks monetary damages.

On April 19, 2019, Defendants filed a motion to dismiss or, in the alternative, for summary judgment [ECF No. 13], arguing, *inter alia*, that Plaintiff failed to exhaust his

administrative remedies. Plaintiff has failed to file a response to Defendants' motion.[1] This matter is now ripe for consideration.

## II. DISCUSSION

Defendants contend that Plaintiff's complaint should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[2]

### A. Exhaustion Standard

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed by a prisoner prior to filing an action regardless of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001).[3] The exhaustion requirement is not a technicality, rather it is

---

[1] In Defendants' motion, Defendants' counsel certifies that he sent Plaintiff a letter on April 9, 2019, regarding the motion to dismiss, and then conferred with Plaintiff in good faith, by telephone, on April 19, 2019, but was unable to reach a resolution regarding the bases of the motion to dismiss before filing the same. (ECF No. 13, at pp. 1-2).

[2] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("... [W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

federal law that federal district courts must follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[4] The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules...."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228–30 (3d Cir. 2004) ("Based on our earlier discussion of the PLRA's legislative history, [. . .] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### B. The Administrative Process Available to Federal Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 107 U.S. at 217.

---

[4]

There is no futility exception to the administrative exhaustion requirement. Banks v. Roberts, 251 F. App'x 774, 776 (3d Cir. 2007) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in Booth, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process.").

3

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### C. Analysis

In support of their contention that Plaintiff failed to exhaust his administrative remedies, Defendants have submitted the Declaration of Ondreya Barksdale, a Paralegal Specialist with the Federal Bureau of Prisons' Northeast Regional Office, who declares, in pertinent part:

> 5. A review of [the BOP's computerized database] shows that [Plaintiff] filed a request for administrative remedy (No. 952337) with the Northeast Regional Office on August 31, 2018 in which he made several allegations concerning staff in the Special Housing Unit, the Discipline Hearing Officer, and placement in a Residential Reentry Center (RRC). On September 4, 2018, that filing was rejected because it was not sensitive and should have been filed first with the institution. The filing was also rejected

4

> because it contained multiple issues and contained insufficient information. [Plaintiff] took no further action concerning this request. As such, [Plaintiff] failed to exhaust his administrative remedies concerning these allegations....

(ECF No. 14-1, Declaration of Ondreya Barksdale, at ¶ 5).

The foregoing declaration has not been opposed or contradicted, in any way, by Plaintiff. Furthermore, it is apparent that Plaintiff commenced this action within two weeks of the date his grievance was rejected; thus, he could not have exhausted his administrative remedies before filing suit, even if he had re-filed his grievance at the institution immediately upon receiving notice of the rejection. As a result, the Court finds that Plaintiff has failed to exhaust his administrative remedies with regard to any of the claims raised in this case, and Plaintiff's complaint will be dismissed accordingly.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY SLEDGE,<br>　　　Plaintiff, | ) ) ) | Civil Action No. 18-272 Erie |
| v. | ) ) ) | District Judge Susan Paradise Baxter |
| WARDEN TRATE, et al.,<br>　　　Defendants. | ) ) ) | |

## ORDER

AND NOW, this 9th day of October, 2019, for the reasons more fully stated in this Court's Memorandum Opinion filed on this date,

IT IS HEREBY ORDERED that Defendants' motion to dismiss or, in the alternative, for summary judgment [ECF No. 13] is GRANTED, and Plaintiff's complaint is DISMISSED for his failure to exhaust administrative remedies.

The Clerk is directed to mark this case closed.

　　　　　　　　　　　　　　　　　　　　／s／ Susan Paradise Baxter
　　　　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　　　　United States District Judge